IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95.50923

Summary Calendar
_____

JESSE RODRIGUEZ, JR.,

Plaintiff-Appellant,

v.

MRS. BAIRD'S BAKERY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-94-CV-900)
_____

March 25, 1997

Before KING, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesse Rodriguez, Jr. appeals the district court's granting of summary judgment in favor of Mrs. Baird's Bakery, Inc. Finding no error, we affirm.

## I. BACKGROUND

On March 12, 1994, a supervisor at Mrs. Baird's Bakery, Inc. (hereinafter "Mrs. Baird's") discharged Jesse Rodriguez from his employment with the corporation. At this point, Rodriguez was fifty-five years old and had worked for Mrs. Baird's for

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sixteen years.  Rodriguez worked for Mrs. Baird's in Del Rio, Texas, as a route salesman--a person who delivers the employer's products to customers' stores along the salesman's route. Rodriguez's route salesman duties included the inspection of Mrs. Baird's products at customers' stores in order to guarantee that only fresh products were available for sale.

On the date of his dismissal, Rodriguez's immediate supervisor accompanied him on his route and noticed out-of-date produce on the shelves of the stores for which Rodriguez was responsible.  After the supervisor conferred by telephone with his superior, the decision was made to terminate Rodriguez's employment once his route had been completed.

Shortly thereafter, Rodriguez filed suit against Mrs. Baird's in the U.S. District Court for the Western District of Texas.  Rodriguez alleged that he had been discharged in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and that he had been denied retirement benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1]  The district court granted Mrs. Baird's motion for summary judgment. Thereafter, Rodriguez sought review by this court.

---

[1]Rodriguez also raised a Texas state law claim of workers' compensation retaliation under TEX. LAB. CODE § 451.001, as well as a cause of action for negligent supervision.  Rodriguez does not pursue these claims in the appeal to this court.

## II.    STANDARD OF REVIEW

We review the granting of summary judgment *de novo*, applying the same criteria used by the district court in the first instance.  *See Texas Medical Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 156 (5th Cir. 1996).  The entry of summary judgment is mandated "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

"Under Rule 56(c), the party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact.'"  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial.  *Norman v. Apache Corp.* 19 F.3d at 1023*, citing Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-87 (1986).

## III.    Discussion

Although the requirements for Rodriguez's causes of action are similar, and much of the evidence on each coincides, we will review the district court's action on them individually.  As a prelude, we note that "testimony by an employee regarding his

3

subjective belief that his discharge was the result of []
discrimination is insufficient to make an issue for the jury in
the face of proof showing an adequate, nondiscriminatory reason
for his discharge." *Portis v. First Nat'l Bank of New Albany,
MS.*, 34 F.3d 325, 329 (5th Cir. 1994).

## A.    The ADEA Claim

Rodriguez attempts to prove age discrimination by inference
from the circumstantial evidence.  We use the *McDonnell Douglas*
framework to analyze claims of discrimination based upon
circumstantial or inferential evidence.  *See Woodhouse v.
Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996).[2]

*McDonnell Douglas* sets out a burden-shifting analysis for
proof of discrimination by inference.  *McDonnell Douglas Corp. v.
Green*, 411 U.S. 792, 802-804 (1973).  First, the plaintiff must
demonstrate a *prima facie* case of discrimination.  *Id.* at 802.
"The burden of production then shifts to the defendant to proffer
a legitimate, non-discriminatory reason for the challenged
employment action." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d
38, 41 (5th Cir. 1996), *citing Rhodes v. Guiberson Oil Tools*, 75
F.3d 989, 992 (5th Cir. 1996).  "Next, the plaintiff is given the
opportunity to demonstrate that the defendant's articulated
rationale is merely a pretext for discrimination." *Id.*  "If [the
plaintiff] can raise a genuine issue of material fact as to
whether he has established pretext, that will suffice to avoid

---

[2]*McDonnell Douglas* was a Title VII case.  Nevertheless, we
have held the framework applicable to ADEA cases.  *Woodhouse v.
Magnolia Hosp.*, 92 F.3d at 252 n.3.

summary judgment." *Id.* "[A] plaintiff can avoid summary judgment . . . if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the actions of which plaintiff complains." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996).

Assuming *arguendo* that Rodriguez has established a *prima facie* case, he, nevertheless, fails to show that Mrs. Baird's reason for his discharge is only pretextual. Mrs. Baird's offered an affidavit of the supervisor who observed and performed the termination of Rodriguez and an accompanying exhibit, both of which document the "out-of-date produce" reason for Rodriguez's termination. Furthermore, Mrs. Baird's proffered evidence to show that a former younger employee who had committed the same violation was likewise terminated.

Rodriguez claims that his supervisor engaged in disparate treatment by following him on his route because the supervisor had not followed other route salesmen on their routes. Rodriguez fails to present any evidence, however, beyond his own bare assertion that this is so, or to establish how he gained knowledge of the disparity. His supervisor, on the other hand, attests that it is his practice to accompany route salesmen on their routes from time-to-time.

Except for Rodriguez's subjective assertions that he was fired because he was an "aging employee," he offers no evidence

to show that Mrs. Baird's proffered reason is false or that factual circumstances indicate that age discrimination likely motivated its decision.

**B.    The ADA Claim**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability."  42 U.S.C. § 12112(a).  Rodriguez claims that his diabetes and the resultant impairments caused by his condition were the reasons for his termination.  As in his ADEA claim, Rodriguez again tries to establish discrimination by inference.

A plaintiff may establish an ADA claim by either direct evidence or indirect, or inferential, evidence of discrimination. *See Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995).  We use the *McDonnell Douglas* burden-shifting approach for ADA claims where the plaintiff attempts to prove discrimination through inferential evidence.  *Id.*

Rodriguez fails to present a genuine issue of material fact as to Mrs. Baird's legitimate, non-discriminatory reasons for the termination.  Rodriguez does not offer summary judgment evidence showing that the supervisor responsible for his termination knew about his diabetes.  Rodriguez claims that he had informed two other Mrs. Baird's individuals about his condition and contends that their knowledge should be imputed on the theory of *respondeat superior* to the supervisor responsible for his termination.  While *respondeat superior* is a theory used in ADA

6

cases to impute actions of an employee-agent to the employer, it is not proper to equate this with the imputing of knowledge between agents of an employer. *Cf*. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d at 41-42 (upholding summary judgment in an ADEA claim because an immediate supervisor's allegedly discriminatory statements as to an employee's age could not be imputed to the relevant decision maker in the employee's termination).

When assessing Rodriguez's claim, we are concerned with the knowledge of the supervisor who was responsible for his termination. *See id.* (noting that an ADEA claim must be assessed from the viewpoint of the relevant decision maker); *see also Hedberg v. Indiana Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) (noting that "[i]f it does not know of the disability, the employer is firing the employee 'because of' some other reason"). Rodriguez's bare assertion that the relevant supervisor knew about his diabetes and resulting foot problem is insufficient to make out a fact issue on the supervisor's knowledge of his disability. Rodriguez fails to point to any place in the record in which it can be inferred that the relevant supervisor was aware of his disability. Therefore Rodriguez fails to present a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer. *See Rhodes v. Guiberson,* 75 F.3d at 994 (holding that an employee must rebut each of the employer's stated reasons for employee's discharge in an ADEA case).

## C. Claim for Violation of ERISA

ERISA § 510[3] makes it unlawful for an employer, with specific discriminatory intent, to interfere with an employee's rights to receive compensation from a benefit plan. *See Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 761 (5th Cir. 1996).

Rodriguez makes two arguments in an attempt to show Mrs. Baird's "specific discriminatory intent." First, Rodriguez claims that Mrs. Baird's intentional age and disability discrimination are sufficient to meet this burden. Since we have determined that Mrs. Baird's has offered a legitimate, nondiscriminatory reason for Rodriguez's termination, this argument will not support his ERISA claim.

Second, Rodriguez contends that his loss of benefits is sufficient to show intentional interference with his rights. We have held, however, that the incidental loss of benefits due to discharge is not sufficient to show the requisite intent for a § 510 claim. *See Clark v. Resistoflex Co.*, 854 F.2d 762, 771 (5th Cir. 1988).

Rodriguez's failure to show Mrs. Baird's specific discriminatory intent to violate § 510 demonstrates that the district court's summary judgment was proper on this cause of action.

---

[3]ERISA § 510 is encoded at 29 U.S.C. § 1140.

**IV.    Conclusion**

For the foregoing reasons, we affirm the district court's judgment.