IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40606

_____


NATALIA R GARCIA ,

                         Plaintiff-Appellant,

v.

BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (BISD); CESAR
CISNEROS; ADAN SALINAS,

                         Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-93-CV-102)
_____
April 11, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Natalia R. Garcia appeals the district court's order

granting summary judgment in favor of Brownsville Independent

School District ("BISD"), Cesar Cisneros, and Adan Salinas.

Finding no error, we affirm.

**I.      BACKGROUND**

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be publised and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Garcia was a sixth grade teacher for the BISD during the 1990-91 school year.  Cisneros was a BISD administrator, and Salinas was the principal at the elementary school in which Garcia worked.  During the year, Garcia was involved in two incidents that raised the attention of Cisneros and Salinas, her supervisors at the BISD.  One incident involved Garcia allegedly pulling the hair of one student and shoving paper in the face of another in December 1990.  The other incident occurred in April 1991, when Garcia allegedly slammed a clipboard on a student's desk and thereby cut the student's hand.

BISD began an investigation of Garcia upon learning of the second incident.  At the end of the investigation BISD proposed Garcia's termination because it determined that she had repeatedly violated BISD policy.  Garcia resigned at the hearing in which her termination was to be discussed.  The BISD Board of Trustees accepted her resignation.

Garcia appealed the Board's action, claiming constructive termination, to the Texas Commissioner of Education.  Garcia claimed that her termination was actually the result of her public criticism of Cisneros's hiring of a family member.  The Commissioner found that Garcia's claims were without merit.  Garcia subsequently brought suit on April 23, 1993, in state district court in Cameron County, Texas.  Defendants removed the case to federal district court.

The district court granted summary judgment in favor of BISD, Salinas, and Cisneros.  It found that it did not have jurisdiction to hear the claims Garcia had raised before the Commissioner and that Garcia's claims were insufficient as a matter of law.  Garcia appeals the judgment to this court.  Garcia also asks this court for an "abatement" of its action on the appeal until her FED. R. CIV. P. 60(b) Motion for Relief from Judgment or Order can be addressed by the district court.  Garcia, however, has not filed a Rule 60(b) motion, so this court will not consider her request for abatement.

## II.      STANDARD OF REVIEW

We review the granting of summary judgment *de novo*, applying the same criteria used by the district court in the first instance.  *See Texas Medical Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 156 (5th Cir. 1996).  The entry of summary judgment is mandated "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

## III.      DISCUSSION

Although discerning Garcia's claims is difficult,[1] this court reads Garcia's pleadings to raise the following claims: (1) breach of contract; (2) infringement of her constitutional right to free speech; (3) intentional infliction of emotional distress; (4) common law torts; (5) constitutional torts; (6) denial of due process; (7) denial of equal protection; and (8) defamation. Garcia has not pursued the denial of due process, equal protection and defamation claims in her appeal to this court, and therefore they are waived. *See Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir. 1994) ("appellant abandons all issues not raised and argued in its initial brief on appeal").

A.   **State Law Claims**

The breach of contract, intentional infliction of emotional distress, and common law tort claims are state law claims. *See, e.g., In re Besing*, 981 F.2d 1488, 1493-1495 (5th Cir. 1993) (discussing the valuation of state law tort and contract claims of a Texas debtor in bankruptcy). Garcia's failure to comply with the requirements of the Administrative Procedure and Texas Register Act ("APTRA") precludes the district court from exercising its jurisdiction over these claims. *See Grounds v. Tolar Indep. School Dist.*, 707 S.W.2d 889, 893 (Tex. 1986).

---

[1]The magistrate judge twice had to call for a more specific pleading by Garcia.  The causes of action which this court addresses are gleaned from "Plaintiff's Third Amended Complaint."

APTRA § 19[2] requires a person initiating judicial review after an adverse administrative determination to file a petition in a Travis County district court[3] no later than 30 days after the date on which the decision of the administrative agency becomes final and appealable.  A decision is final and appealable under the APTRA when the time expires for filing a motion for rehearing or such a motion is filed on time and is overruled.[4]

Garcia did not file a motion for rehearing after she received the Commissioner's determination.  Garcia admits to having received the Commissioner's order through the mail by July 20, 1992.[5]  Under APTRA, Garcia had 20 days to file a motion for rehearing, and failing action within that period she had 30 days from the end of that period in which to institute judicial review

---

[2]Now codified at TEX. GOV'T CODE ANN. § 2001.176 (Vernon 1997).

[3]The statute requires a filing in Travis County unless excepted elsewhere by statute.  No exception applies in this case.

[4]These requirements are set out in § 16(c) of the APTRA, now codified at TEX. GOV'T CODE ANN. § 2001.144.  The third provision for qualifying a decision as final--*i.e.*, a state agency finding that imminent peril to the public health, safety, or welfare requires an immediate effect of a decision or order--does not apply in this instance.

[5]Garcia states in her affidavit, included in the summary judgment evidence, that she complained to the Commissioner in writing on July 20, 1992.  She notes that this was "[w]ithin one or two days after receiving the Commissioner's ruling."  Garcia does not contend that her complaint in writing addressed to the Commission was sufficient to constitute a motion for rehearing. *See* APTRA § 16(c),(e), now codified at TEX. GOV'T CODE ANN. § 2001.146.

of the Commissioner's decision.  Garcia failed to take action within this period.  Moreover, when Garcia did file her suit, it was not in a Travis County district court.  Therefore, the district court was correct in granting summary judgment on the state law claims because it was without jurisdiction on such claims.  *See Grounds v. Tolar Indep. School Dist.,* 707 S.W.2d at 893.

**B.    Federal Law Claims**

Garcia's federal law claims are likewise insufficient to survive BISD's summary judgment motion.

Garcia alleges that her termination was the result of her criticism of Cisneros's allegedly illegal hiring of a family member to a position with BISD.  To establish a violation of the First Amendment, Garcia must show that her speech was protected. *See Dodds v. Childers*, 933 F.2d 271, 273 (5th Cir. 1991).  "A public employee's speech is entitled to judicial protection under the First Amendment only if it addresses a matter of 'public concern.'" *Id.* (citing *Connick v. Myers,* 461 U.S. 138, 147 (1983).  Garcia's speech did not address a matter of public concern.  *See id.* at 274 (holding that an employee's speech addressing the issue of nepotism was not sufficiently a matter of public concern to state a violation of the First Amendment).

Even if the speech has a mixed motive, both a personal grievance and an issue of public import, Garcia must show that

she spoke predominantly as a citizen in order to trigger First Amendment protection. *See id.* Garcia has failed to show in the summary judgment evidence that her speech was primarily motivated by her role as a citizen or that it would be of "relevance to the public's evaluation of the performance of governmental agencies." *See id.* at 273 (*quoting Day v. South Park Indep. School Dist.,* 768 F.2d 696, 700 (5th Cir. 1985)). As a threshold matter, Garcia has the initial burden of showing such protected speech. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977).

Moreover, the fact that Garcia's comments resulted in a newspaper article is insufficient to establish, as a matter of law, that her speech was on a matter of "public concern." *Cf. Ayoub v. Texas A & M Univ.,* 927 F.2d 834, 837 (5th Cir. 1991), (quoting *Terrell v. Univ. of Tex. Sys. Police,* 792 F.2d 1360, 1362 (5th Cir. 1982) (noting that "the mere fact that the topic of the employee's speech was one in which the public might or would have had a great interest is of little moment").

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.