United States Court of Appeals,

Fifth Circuit.

No. 96-20798.

Carol BURNS, Plaintiff-Appellant,

v.

HARRIS COUNTY BAIL BOND BOARD, Defendant-Appellee.

April 21, 1998.

Appeal from the United States District Court for the Southern District of Texas.

Before KING and JONES, Circuit Judges, and KENDALL,[1] District Judge.

KENDALL, District Judge:

Carol Burns appeals the district court's decision granting summary judgment to the Harris County Bail Bond Board on Burns's claims that the Board had violated her constitutional rights to due process and equal protection in its refusal to renew her licenses. We affirm the judgment of the district court.

I. BACKGROUND

This case arises out of the defendant/appellee Harris County Bail Bond Board's ("the Board") decisions not to renew the bail bondsman's property license and agent license of plaintiff/appellant Carol Burns ("Burns"). Pursuant to the Texas Bail Bond Act, Tex.Civ.St.Ann. art. 2372p-3, the Board supervises and regulates all phases of the bail bonding business in Harris County. No person may act as a bail bondsman in Harris County without a license issued by the Board. Bail Bond Act § 3(a)(1).

[1]District Judge of the Northern District of Texas, sitting by designation.

The ten members of the Board, designated by statute, are: a district and a county court judge having jurisdiction over criminal matters, a justice of the peace, the presiding judge of the City of Houston's municipal court, the county judge or a member of the commissioners court designated by the county judge, the district attorney, the county sheriff, the district clerk, the county treasurer, and a licensed bail bondsman elected by other licensees. Bail Bond Act § 5(b). The Board meets once each month to govern the execution of bail bonds in Harris County. Bail Bond Act § 5(d).

At issue are Burns's bail bondsman (property) license and agent license. The statute requires that a property bondsman post collateral with the county to secure bonds written on the license. Bail Bond Act § 6(f). A property bondsman may write bonds that total 10 times the amount of collateral. When that limit is reached, the bondsman's ability to write bonds must be temporarily suspended by the Board, without prior notice or hearing, until the value of the collateral is increased or the value of the outstanding bonds is decreased. Bail Bond Act § 10(f). The Board must revoke the license with prior notice or hearing if the licensee fails to pay any final judgment connected with the licensee's bonding business within 30 days and there is insufficient collateral to satisfy the final judgment. Bail Bond Act § 9(b).

In 1987 Burns applied to the Board for, and was granted, a bail bond license. This license expires 24 months after the date of its issuance unless an application for renewal is granted by the

Board.  Bail Bond Act § 8(a).  The Board renewed Burns's bail bond license in March 1989 and March 1991.  In December 1991 the Board issued the International Fidelity Insurance Company ("IFIC") a license to write bail bonds in Harris County, with Burns as IFIC's agent on the license.  The agent's license subjects the insurance company's rather than the agent's assets to liability to the State for bond forfeiture.

On March 10, 1993, Burns appeared before the Board at its regular monthly meeting seeking the renewal of her bail bond license, which was to expire on March 21, 1993.  During the hearing, Burns conceded that she lived in Austin and only traveled to Harris County every two weeks to attend to the business of her bail bond company, she had failed to list in her application one of her contract employees, she failed to list her husband as an employee despite the fact that he handled many of the matters in the Houston office, and she had never dealt with certified mail containing information about final judgments and had no idea how those documents were handled.  Burns's husband, John Burns, had been a licensed bail bondsman in Harris County for a number of years, but lost his license when he accumulated $479,000 in outstanding judgments that he owes to Harris County.  *See Harris County Bail Bond Bd. v. Burns,* 881 S.W.2d 61, 64 (Tex.App.—Houston [14th Dist.] 1994, writ denied) ("The facts presented by the Board did suggest that [Burns] had little involvement with her business and that John Burns for all practical purposes was operating under his wife's license.").

Assistant City Attorneys Grace Loya and Robert Miklos and City

Assistant Chief Clerk Mark Muellerweiss testified that Burns owed the City of Houston more than $45,000 in outstanding bond forfeiture judgments, and that Burns and her husband had known about them for more than a year but made no effort to resolve them. Board chairman Sheriff Johnny Klevenhagen noted that Burns's license had been automatically suspended three days before that for exceeding her ratios by some $36,000. Upon motion to renew Burns's license, there were three votes for and three votes against. Chairman Klevenhagen postponed Board action on Burns's renewal until the end of the meeting so that Burns could negotiate a payment schedule with the City. After a break, the Board again voted three to three on the motion to renew Burns's license, and the motion failed for want of a majority. Burns knew at that time that her license would not be renewed after its expiration a few days later.

On March 11, 1993, Burns requested a copy of the transcript of the meeting from the Harris County District Clerk. By letter dated March 25, 1993, the Clerk informed Burns that an opinion had been requested from the Texas Attorney General as to whether the transcript of the March 10, 1993 meeting was exempt from disclosure, so that the Clerk could not release the transcript to Burns at that time.

In the meantime, on March 14, 1993, Burns filed suit in Harris County District Court to appeal the Board's decision as provided by the Texas Bail Bond Act. On July 12, 1993 a trial *de novo* was conducted in the 127th Judicial District Court of Harris County by Judge Sharolyn Wood. On August 6, 1993, Judge Wood ordered Burns's

renewal application be approved and her bail bond license be reinstated retroactive to March 21, 1993.  Burns resumed writing bail bonds on her license.  The Board timely filed a notice of appeal from this decision.

On December 8, 1993 Burns appeared before the Bail Board concerning the renewal of her IFIC agent license.  Burns was represented by counsel at this hearing.  The Board determined that her application contained several deficiencies, such as the omission of a collateral log, which pursuant to the Bail Bond Act must be submitted to the Board for inspection prior to renewal of a license.  Bail Bond Act § 4(b).  The Board did not vote on Burns's renewal application for the agent license that day, but postponed further action until the application's deficiencies were remedied.  Chairman Klevenhagen noted that the Board cannot act on an application that does not meet the statutory requirements. Burns never again submitted an application to the Board for the agent license, and it expired on December 21, 1993.

On June 14, 1994, the Texas Court of Appeals, Fourteenth District, reversed Judge Wood's order that Burns's bail bond license be renewed.  The Court of Appeals held that the district court abused its discretion in granting Burns a license because at the time of trial Burns had an unpaid final judgment of $5,000 on a bond forfeiture which was more than 30 days old and was on appeal without a supersedeas bond.  The Court of Appeals concluded that Burns was in violation of section 9(b)(6) of the Bail Bond Act and that her application for renewal was properly denied by the Board.

The Texas Supreme Court denied Burns's application for writ of

error on February 8, 1995, and Burns filed a motion for rehearing. While that motion was pending before the Texas Supreme Court, on March 8, 1995 the Board considered Burns's application for a new bail bond license. During the hearing, Burns and her lawyer were asked questions regarding whether the property she pledged as collateral was community or separate property. They could provide no proof that the property was Burns's separate property, as required by section 6(a)(4)(E) of the Bail Bond Act. The Board denied Burns's application for a new license by a 5-2 vote. Burns had also applied to the Board to renew her previous bail bond license, but the Board chairman removed consideration of the renewal from the agenda because the Board maintained she had no license to renew.

On March 15, 1995, Burns filed suit against the Bail Board in the 11th Judicial District Court of Harris County, appealing the Board's decision to deny her application for a new license at the March 1995 meeting. The suit also alleged that the Board had violated her constitutional rights pursuant to 42 U.S.C. § 1983. The Board timely removed the suit to the U.S. District Court for the Southern District of Texas. The district court bifurcated the case and remanded the state law claims, retaining the claims pursuant to § 1983. The issues remanded to state court were resolved on summary judgment against Burns, and that case is now on appeal.

As for the claims in federal court, by Order entered July 25, 1996, the district court granted the Board's motion to dismiss and for summary judgment. The district court converted the motion to

dismiss into a motion for summary judgment after Burns submitted numerous exhibits outside the pleadings in her response. Burns has appealed the district court's decision to grant summary judgment for the Board on all of her claims.

## II. STANDARD OF REVIEW

When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment. Fed.R.Civ.P. 12(b); *Flores v. Sullivan,* 945 F.2d 109, 110 n. 3 (5th Cir.1991). The district court properly converted the Board's motion in this case. We review the granting of summary judgment *de novo,* applying the same criteria used by the district court. *Texas Medical Ass'n v. Aetna Life Ins. Co.,* 80 F.3d 153, 156 (5th Cir.1996). Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment or partial judgment as a matter of law. Fed.R.Civ.P. 56(c); *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 170 (5th Cir.1991). When a movant properly supports his motion with competent evidence and demonstrated the absence of a genuine issue of material fact, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir.1992). Factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could

or would prove the necessary facts. *Id.*

### III. DISCUSSION

The issues Burns submits on appeal fall into three basic categories: 1) Burns's specific challenges to the Board's decisions of March 10, 1993, December 8, 1993, and March 8, 1995, 2) Burns's general challenges to the Board's decisions, and 3) the issue of the Board's absolute immunity.

### 1.A. Issues Specific to the March 10, 1993 Meeting

Burns challenges on several grounds the granting of summary judgment as to the March 10, 1993 meeting in which the Board denied the renewal of her bail bond license. Burns asserts that she was denied due process because the Board allowed presentation of charges of misconduct of which she had no notice, allowed unsworn and undocumented testimony to be considered, and denied renewal of her license by a tie vote. Burns also claims that the Board violated her rights to due process by refusing her access to the record of the March 10, 1993 meeting. Finally, Burns asserts that the Board violated her right to equal protection when it claimed that she was not entitled to license renewal because of a final judgment on a bond forfeiture on appeal, although it has renewed the licenses of other bondsmen in the same situation.

The district court determined that all of Burns's claims with regard to the March 10, 1993 hearing were barred by the statute of limitations. The applicable statute of limitations is the forum state's general personal injury limitations period, which is two years. The cause of action would have accrued under federal law when the plaintiff knows or has reason to know of the injury that

is the basis of the action. Since Burns filed suit on March 14, 1995, claims regarding any activity that occurred prior to March 14, 1993 are barred by the statute of limitations.

Although Burns concedes that the two year statute of limitations applies, she argues that the statute of limitations does not run until all of the elements of the claim are in place, so that her cause of action did not accrue until March 21, 1993, the date her license to write bail bonds expired. Burns contends that actual injury is a necessary element of a claim, and that her legal injury was the denial of a property right without due process. Although the "without due process" component occurred on March 10, 1993, the denial of the property right did not occur until March 21, 1993.

We conclude that the district court correctly applied the law in determining that Burns's claims regarding the March 10, 1993 Board meeting are barred by the statute of limitations. As no federal statute of limitations exists for § 1983 actions, federal courts defer to the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989); *Flores v. Cameron County, Tex.,* 92 F.3d 258, 271 (5th Cir.1996). In Texas, the applicable period is two years. Tex.Civ.Prac. & Rem.Code § 16.003(a).

Although Texas law governs the limitations period, federal law governs when a cause of action accrues. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992); *Piotrowski v. City of Houston,* 51 F.3d 512, 516 n. 10 (5th Cir.1995). Under federal law, a cause

of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989); *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir.1993). We affirmed the district court in *Brossette v. City of Baton Rouge,* 837 F.Supp. 759, 762 (M.D.La.1993), *aff'd,* 29 F.3d 623 (5th Cir.), *cert. denied,* 513 U.S. 971, 115 S.Ct. 443, 130 L.Ed.2d 353 (1994), wherein the district court held that the plaintiff's § 1983 cause of action for suspension of his liquor license accrued on the day he received notice of the suspension. Identical circumstances are presented here.

Burns cannot salvage her time-barred claims by contending that they did not accrue until she actually lost her bail bond license eleven days after the Board meeting. Burns was present at the March 10, 1993 Board meeting and was put on notice that day that her license would not be renewed. All of her claims concerning this Board meeting arise from the Board's rejection of her renewal application on March 10, 1993, not from the expiration of her license by operation of law on March 21, 1993. Burns's claims were not timely filed, and the district court properly dismissed them.

1.B. Issues Specific to the December 8, 1993 Meeting

Burns challenges the granting of summary judgment in favor of the Board with respect to the Board's December 8, 1993 meeting, when it postponed a vote on the renewal of Burns's license to act as an agent for IFIC. Burns contends that the Board violated her due process rights when it refused to allow her a hearing on her renewal application for the agent's license, and that she received

no proper notice before her property right to this license was withdrawn. In addition, Burns argues that as a matter of law she was not required to appeal to state court the Board's refusal to allow her a hearing, because any appeal to the state court would have not remedied the due process violations committed by the Board, as there is no remedy for the amount of time she was out of business.

The district court determined that, as Burns never appealed the Board's decision to table the consideration of her IFIC agent license renewal application, Burns did not exhaust her administrative remedies. Burns cannot argue that her due process rights were violated when she skipped an available state remedy. The district court noted that if, as Burns argued, she did not have standing to appeal the Board's decision, she certainly would not have standing to assert a civil rights claim based on that decision.

We conclude that the district court correctly granted summary judgment for the Board on Burns's claims concerning the December 8, 1993 Board meeting. Despite the Board's invitation to do so, Burns never subsequently appeared before the Board to seek approval of a corrected IFIC agent license application. In addition, Burns chose not to exercise her right to appeal the Board's decision to table a vote on her application.

The Texas Bail Bond Act provides that an appeal may be taken from an adverse decision by the Board within 30 days by filing a petition in district court in the county in which the license is issued or refused. The appeal is by trial *de novo,* and the Board's

decision has full force and effect pending the determination of the appeal. Bail Bond Act § 11. Burns was unquestionably familiar with this appellate process, as by December 8, 1993 she had already appealed the Board's decision of March 10, 1993 denying the renewal of her bail bond license. As the district court noted, a plaintiff cannot argue that her due process rights have been violated when she has failed to utilize the state remedies available to her. *Myrick v. City of Dallas,* 810 F.2d 1382, 1388 (5th Cir.1987); *Browning v. City of Odessa,* 990 F.2d 842, 845 n. 7 (5th Cir.1993).

1.C. Issue Specific to the March 8, 1995 Meeting

Finally, Burns challenges the granting of summary judgment with respect to the Board's March 8, 1995 meeting, claiming that the Board violated Burns's rights to due process when it refused to consider her application to renew her bail bond license. The district court found no due process violation in the Board's refusal to consider Burns's application. Burns had applied to renew her license on the basis of Judge Wood's 1993 decision to reinstate the license. That decision had already been reversed on appeal by the Texas Court of Appeals, the writ of error had been denied by the Texas Supreme Court, and all that remained of the appeals process was a decision by the Texas Supreme Court on whether or not to grant a rehearing. The district court noted that the Board's March 10, 1993 rejection of her license renewal application had full force and effect pending the determination of Burns's appeal. Bail Bond Act § 11. Burns contends that she had a property right in the bail bond license because once Judge Wood had tried her appeal of the Board's decision and issued the

license, the Board's decision had no further effect.

We find Burns's claim to be contrary to the plain language of the Bail Bond Act. Burns had no property interest in a bail bond license on March 8, 1995—she had no valid license on that date. By that time, the Court of Appeals for the Fourteenth District had reversed Judge Wood's reinstatement of Burns's license, *Harris County Bail Bond Bd. v. Burns,* 881 S.W.2d at 64, and the Texas Supreme Court had denied a writ of error. The only potential circumstance that could abrogate the full force and effect of the Board's decision would be the grant of a rehearing and subsequent reversal by the Texas Supreme Court, a circumstance which was a long shot at best and indeed never occurred.[2] The fact that Burns previously held a property license (which had expired some two years earlier) is insufficient to create a property interest entitled to due process protection in March 1995. *Smith v. Travis County Bail Bond Bd.,* 559 S.W.2d 693, 694 (Tex.Civ.App.—Austin 1977, no writ) (applicant whose license had expired had no property right subject to protection because he had no claim of entitlement to a bail bond license).

2. General Challenges to the Board's Decisions

Burns also challenges the granting of summary judgment for the Board on several general grounds. Burns contends that the Board violated her rights by participating in a conspiracy to put her out of business for illegal motivations. Burns asserts that the Board is liable for actions of its individual members when the

---

[2]The Texas Supreme Court denied Burns's motion for rehearing on March 23, 1995, fifteen days after this Board meeting.

actions of those members represent action by the Board. Burns also asserts that the notice that a meeting will be held and publication of a statute are inadequate notice that a property right will be taken away.

The district court held that the Board can only be held liable for the acts committed by the entity as a whole, and only for actions taken in its monthly meetings. The separate actions of individual members of the Board are insufficient to bind the Board as a governmental entity. Thus, Burns's allegations of conspiracy and other wrongdoing by a few members as individuals do not give rise to a viable claim under § 1983. As for the claim of inadequate notice, the district court concluded that Burns was afforded adequate and timely notice of the Board hearings in compliance with due process standards.

Burns contends that three unnamed individual members of the Board conspired to put her out of business because her husband owed a substantial amount in bond forfeiture judgments incurred on his license. She contends that the Board is indeed liable for the actions of its individual members (conspiracy, failure to provide her with a transcript, notifying the state court of appeals that Burns had a final judgment on a bond forfeiture on appeal) when those actions represent actions by the Board. Finally, Burns argues that notice that a meeting will be held and publication of a statute are inadequate notice in this case that a property right will be taken because the Board could provide more specific notice.

Considering first the conspiracy and Board liability claims, we note that Burns sued the Board, not the members individually.

A conspiracy necessarily involves two or more persons; it is elementary that an entity cannot conspire with itself. *See Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994) (a school board and its employees constitute a single legal entity which is incapable of conspiring with itself). The district court correctly determined that the separate actions of individual members of the Board are not sufficient to bind the Board as an entity. *Bee County v. Roberts,* 437 S.W.2d 62, 64 (Tex.Civ.App.—Corpus Christi 1968, no writ); *Rowan v. Pickett,* 237 S.W.2d 734, 738 (Tex.Civ.App.—San Antonio 1951, no writ). Pursuant to the Bail Bond Act, the Board can take action only when a quorum of four members is present. Bail Bond Act § 5(d). A governmental entity cannot be held vicariously liable for the alleged constitutional wrongs of its employees, and is only liable when it can be fairly said that the entity itself is the wrongdoer. *Collins v. City of Harker Heights,* 503 U.S. 115, 121-22, 112 S.Ct. 1061, 1066-67, 117 L.Ed.2d 261 (1992).

As for Burns's challenge to the notice provided her by the Board, in essence Burns asks us to insert additional notice provisions into the Bail Bond Act not contemplated by the Texas Legislature. Procedural due process consists of notice and the opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). Due process "requires only notice that is both adequate to apprise a party of the pendency of an action affecting its rights and timely enough to allow the party to present its objections." *Matter of Christopher,* 28 F.3d 512, 519 (5th Cir.1994).

The Board provided notice in accordance with the Texas Open Meetings Act, Tex.Gov't Code § 551.001. Notice is given in compliance with due process standards simply by the publication of a statute. *Breath v. Cronvich,* 729 F.2d 1006, 1011 (5th Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984). Persons asserting a property right, as Burns does in her bail bond license, are charged with knowledge of relevant statutory provisions affecting the control or disposition of that property. *Id.* We conclude that the district court correctly determined that Burns received adequate and timely notice under the Bail Bond Act.

3. Absolute Immunity of the Board

The district court determined that the Board was entitled to absolute immunity with respect to rejecting or revoking Burns's licenses. As the foregoing discussion has resolved each of Burns's claims, we need not reach this issue, and we decline to do so.

IV. CONCLUSION

For the foregoing reasons, the district court's award of summary judgment to the Harris County Bail Bond Board on the merits of the claims brought by Carol Burns is AFFIRMED.