**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-51074**
**Summary Calendar**

_____

**VERONICA F. HIGNOJOZ,**

**Plaintiff-Appellant,**

**versus**

**CITY OF SAN ANTONIO,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**USDC No. SA-97-CV-633**

June 7, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Veronica Hignojoz appeals an adverse summary judgment in her Title VII gender discrimination and retaliation action against the City of San Antonio, Texas.

In January 1993, Hignojoz was employed as a detention guard at the Detention Facility Center of the San Antonio Municipal Courts

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Building.  In July of that year, she was promoted to detention guard supervisor and placed on a six-month probationary period.  But, because her performance rating during this period was unsatisfactory, she was demoted upon completion of the probationary period.

Following her demotion, Hignojoz filed an internal Equal Employment Opportunity complaint.  At the time she did so, she was on light-duty outside the Detention Center as a result of an on-the-job injury; but, she was transferred back to the Detention Center the day after she filed the complaint.

In January 1995, Hignojoz filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).  She amended her EEOC charge in September 1995, alleging further retaliation.  Hignojoz was terminated in January 1996, and she amended her EEOC charge again in February 1996.

Hignojoz subsequently filed this action against San Antonio, claiming gender discrimination and retaliation for complaining of this discrimination, all in violation of Title VII.  The parties consented to trial before a magistrate judge.  San Antonio's summary judgment motion, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56, was granted.

Of course, we review a summary judgment *de novo*. *E.g.,* **Burns**

*v. Harris County Bail Bond Board*, 139 F.3d 513, 517 (5th Cir. 1998). Based upon our review of the record and briefs, we agree with the conclusions in the comprehensive and well-reasoned opinion of the district court that: (1) Hignojoz failed to present a material fact issue to rebut San Antonio's legitimate non-discriminatory reasons for demoting her; (2) she failed to present a material fact issue that she was demoted because of her gender; and (3) she failed, for her retaliation claim, to present a material fact issue regarding a connection between her protected activity and either her administrative suspension or her discharge. *Hignojoz v. City of San Antonio*, SA-97-CA-0633 (W.D. Tex. Oct. 1, 1998).

*AFFIRMED*