**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-30992**
**Summary Calendar**

_____

**ALBERT JEROME KING; ET AL,**

**Plaintiffs,**

**ALBERT JEROME KING,**

**Plaintiff-Appellant,**

**versus**

**CAPITAL TRANSPORTATION CORPORATION,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**USDC No. 97-CV-1027**

**June 15, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Albert Jerome King contests the summary judgment in favor of Capital Transportation Corporation.  In response to King's claim that Capital terminated his employment in violation of the retaliation provision of Title VII, 42 U.S.C. § 2000e-3, Capital moved for summary judgment, asserting that King failed to comply

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with Title VII's requirement that he file the action within 90 days following receipt of his right to sue letter from the Equal Employment Opportunity Commission.

The district court granted the motion, concluding that King had not presented adequate evidence to justify the application of equitable tolling. King asserts that such tolling should have been applied.

Of course, we review appeals from summary judgment *de novo*. ***Burns v. Harris County Bail Bond Board***, 139 F.3d 513, 517 (5th Cir. 1998). Pursuant to our review of the record and the briefs, we affirm for essentially the reasons stated by the district court. *See* ***King v. Capital Transp. Corp.***, 97-1027-A-1 (M.D.La. Aug. 3, 1998).

*AFFIRMED*