Anthony L. JONES, Plaintiff,

v.

Greg FOUNTAIN, Defendant.

No. CIV. A. 1:98–CV–1720.

United States District Court,
E.D. Texas,
Beaumont Division.

July 7, 2000.

John E. Sherman, Houston, TX, for Plaintiff.

Richard F. Baker, Assistant District Attorney, Beaumont, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before this court are Defendant's Second and Third Motions for Summary Judgment [Dkt. # 21, 23] and the court having considered the motions is of the opinion that Defendant's Third Motion for Summary Judgment should be GRANTED and that Defendant's Second Motion for Summary Judgment should be GRANTED with respect to plaintiff's section 1983 claim for false arrest.

## I. BACKGROUND

On November 10, 1994 Plaintiff Jones and passenger Tommy Coleman were driving eastbound along I–10 in Jefferson County, Texas. They were stopped by officer Fountain of the Beaumont Police Department because he could not read the license plate tags. When Jones denied Fountain permission to search the vehicle a drug-sniffing dog was summoned. Officer Fountain claims the dog "alerted" to the presence of drugs. Jones contests this factual issue. Fountain searched the car himself and found 1½ kilos of cocaine in the glove compartment. Jones was prosecuted by the State of Texas, but the state Judge in that case granted a motion to suppress for lack of probable cause finding that the drug-sniffing dog did not alert. A subsequent federal criminal case was dismissed after Judge Fisher granted a motion to suppress on the same ground.

Jones asserts claims for malicious prosecution and false arrest under § 1983 and for intentional infliction of emotional distress. Defendant moved for summary judgment on the section 1983 claims in the second motion and then, in the third motion raised qualified immunity. Plaintiff has not filed a response to either motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party must identify evidence that establishes the absence of any genuine issue of material fact, *id.* at 323, 106 S.Ct. 2548, and the court reviewing a grant of summary judgment must evaluate the facts in the light most favorable to the nonmovant. *See Todd v. AIG Life Ins. Co.,* 47 F.3d 1448, 1451 (5th Cir.1995). A plaintiff's failure to respond, does not support granting summary judgment. *See John v. Louisiana,* 757 F.2d 698, 709 (5th Cir.1985). The district court however, will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact before entering summary judgment. *See* E.D. TEX. LOCAL COURT R. 56(c).

## III. STATUTE OF LIMITATIONS

In his second summary judgment motion, defendant argues plaintiff's claims

are barred by the two-year statute of limitations. No federal statute of limitations exists for section 1983 actions therefore, federal courts borrow the forum state's general personal injury limitations period. *See Burns v. Harris County Bail Bond Bd.,* 139 F.3d 513, 518 (5th Cir.1998). In Texas, the applicable limitations period is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Federal law however, governs when the cause of action accrues. *See Burns,* 139 F.3d at 518.

■ Claims for false arrest accrue on the date of the arrest. *See Moore v. McDonald,* 30 F.3d 616, 620–21 (5th Cir.1994) (holding claim for false imprisonment accrued on the date of the arrest when the plaintiff was aware that he had suffered an injury or had sufficient information to know that he was injured). Plaintiff was arrested on November 10, 1994 but failed to file suit until July 7, 1998, well over three years after the arrest. Plaintiffs claim for false arrest is therefore barred by the two-year statute of limitations.

■ A malicious persecution claim accrues at the termination of criminal proceedings which end in the plaintiff's favor. *See Brummett v. Camble,* 946 F.2d 1178, 1184 (5th Cir.1991). In the present case, the state court criminal proceedings ended on January 31, 1997 when the state's appeal was dismissed. The federal criminal proceedings in Judge Fisher's court ended with the dismissal on July 21, 1997. Since the plaintiff filed suit a year later, his claim for malicious prosecution is not barred by the statute of limitations. The court will now proceed to the qualified immunity discussion.

## IV. QUALIFIED IMMUNITY

■ In his third motion for summary judgment, defendant argues Jones' claims are barred by qualified immunity. Qualified immunity is immunity from suit not just from liability. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 428 (5th Cir. 1994). In assessing a qualified immunity

claim the district court must determine "whether (1) the plaintiffs have asserted a constitutional or statutory violation; (2) the law regarding the alleged violation was clearly established at the time of the operative events; and (3) the record shows that the violation occurred, or at least gives rise to a 'genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly-established law.' " *Brown v. Nationsbank Corp.,* 188 F.3d 579, 587 (5th Cir.1999) (citing *Kerr v. Lyford,* 171 F.3d 330, 338 (5th Cir.1999)). If the official's conduct violated a clearly established law, the inquiry then becomes whether that conduct was objectively reasonable. *See Brown,* 188 F.3d at 579; *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir.1997). The reasonableness inquiry turns on whether the official's actions "could reasonably have been thought consistent with the rights they are alleged to have violated." *Id.* "Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury." *Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir.1999).

■ Abrogation of qualified immunity is the exception not the rule. *Foster,* 28 F.3d at 428 (citing *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 862 (5th Cir.1993)). It is the plaintiffs' burden to negate the defense. *Foster,* 28 F.3d at 428; *Chrissy F. v. Mississippi Dep't. of Public Welfare,* 925 F.2d 844, 851 (5th Cir.1991).

Jones can meet the first two requirements. The constitutional right to be free from bad faith or malicious prosecution is sufficient to support a damage judgment against state law enforcement officials under 42 U.S.C. § 1983. *See Goodson v. City of Corpus Christi,* 202 F.3d 730 (5th Cir.2000). This right was clearly established at the time of the arrest and prosecution. *See Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299, 1305 (5th Cir.1995) (citing Shaw v. Garrison, 467 F.2d 113, 120 (5th Cir.1972)). Jones cannot however,

show that Officer Fountain's actions were objectively unreasonable.

 To prove the tort of malicious prosecution, Jones must prove that (1) a criminal action was commenced against the plaintiff; (2) the prosecution was caused by the defendants or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendants acted with probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *See Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir.1999).

In *Kerr,* the Fifth Circuit noted probable cause in the context of malicious prosecution meant "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of a prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Id.*

Assuming as the plaintiff claims, that the dog did not "alert" does not preclude immunity. "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Mangieri v. Clifton,* 29 F.3d 1012, 1016 (5th Cir.1994). In the present case, the dispositive fact issue on the probable cause element is whether Officer Jones believed the dog "alerted" to the presence of the cocaine. According to the affidavits presented, Officer Fountain was told by the dog's handler, Officer Porter, that the dog picked up a scent from inside the vehicle. Officer Fountain then searched plaintiff's car based on his belief that the dog "alerted" or pointed to the glove compartment. The qualified immunity determination is only concerned with the objective reasonableness of the officer's actions, not the subjective beliefs of the plaintiff. *See Kipps v. Caillier,* 197 F.3d 765, 769 (5th Cir.1999) (*reh'g en banc*

*denied,* 205 F.3d 203 (5th Cir.2000)); *Mangieri,* 29 F.3d at 1017.

Officer Fountain's actions while mistaken did not amount to a knowing violation of the law. Even if plaintiff were to argue that Fountain's subsequent acts in prosecuting the case were at issue, there is no showing that those acts were not objectively reasonable in light of fact that cocaine was found in plaintiff's car. The court finds that Officer Fountain's actions were objectively reasonable and therefore, he is entitled to qualified immunity on all claims.

## V.   CONCLUSION

For the reasons stated above, this court hereby GRANTS the Defendant's Third Motion for Summary Judgment and finds that the defendant is entitled to qualified immunity on all claims. The court also finds that the plaintiff's section 1983 claim for false arrest is time barred and therefore GRANTS Defendant's Second Motion for Summary Judgment on that ground.