**Maxeal ANDREWS, Plaintiff,**

v.

**TEXAS PARK & WILDLIFE DEPT., Defendant.**

**Civil Action No. 1:00–CV–824.**

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 11, 2001.

Marsha Normand, Beaumont, TX, Charlton Prince Hornsby, Beaumont, TX, for plaintiff.

Kathlyn Claire Wilson, Assistant Attorney General, Attorney General's Office, Austin, TX, for defendant.

## ORDER and MEMORANDUM

COBB, District Judge.

Before the court is Defendant's Motion for Summary Judgment [Dkt. # 5], and the court having reviewed the motion in light of no response having been provided by Plaintiff is of the opinion that the motion be GRANTED in PART and DENIED in PART.

Maxeal Andrews ("Andrews"), the plaintiff, originally filed his petition in Texas state court on March 10, 1998, asserting race discrimination claims in violation of the Texas Commission on Human Rights Act, Tex.Lab.Code § 21.001, et seq. On November 29, 2000, Andrews filed his second amended complaint in Texas state court adding a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. After Andrews added the federal claim, the defendant, the Texas Park and Wildlife Department (the "Department"), removed the case to federal court. The Department filed this motion for summary judgment on May 18, 2001, arguing that Andrews' claims were barred by the applicable statutes of limitation and because he failed to exhaust administrative remedies before filing this civil action.

### Background

In March of 1994, Andrews began working for the Department. Andrews alleges that he was subject to racially offensive language, name-calling, and jokes by his co-workers. Andrews asserts that this behavior offended him and that he reported his displeasure to his supervisors, but that nothing was done to stop this activity. He further asserts that the Department denied him training and raises because of his race. On February 17, 1995, the Department terminated Andrews' employment.

On April 27, 1995, Andrews filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In this charge, Andrews stated that he believed the Department violated Title VII, but he did not mention any state law violations at this time. Also, in this filing, Andrews failed to check the box on the form that requested the charge to be filed with both the EEOC and the applicable state agency. The EEOC sent Andrews a right-to-sue letter on December 10, 1997. After receiving this notification from the EEOC, Andrews filed suit in state court on March 10, 1998, raising only state law discrimination claims. Then, on November 27, 2000, Andrews amended his state court complaint to add a Title VII claim. At this point, the Department removed the case to federal court.

The court held a case management conference in March of 2001 and during this meeting, the court expressed concern over the timeliness of Andrews' claims. At this conference, the Department stated that it planned on filing a motion for summary judgment with regard to the timeliness of Andrews' claims. The court gave Andrews sixty days to conduct discovery regarding the timeliness issue and, accordingly, the Department waited two months to file its

motion. On May 18, 2001, the Department filed this motion for summary judgment.

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure allows a court to grant summary judgment on issues presenting no genuine issue of material fact. Summary judgment is proper when the movant is able to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A fact is material if it might affect the outcome of a case under the governing substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. It is unnecessary for the movant to negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Once the material facts are assessed, the court must determine whether the evidence reveals the presence of genuine factual issues. A genuine issue exists when, in the context of the entire record, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (1986); *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir.1994).

However, this favorable presumption for the non-movant exists only when the non-movant presents an actual controversy of fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir.1997). In doing so, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Id.* (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505).

■■■ A plaintiff's failure to respond to a motion for summary judgment does not, by itself, support granting summary judgment. The moving defendant must establish the absence of a genuine issue of material fact. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir.1985); *Jones v. Fountain*, 121 F.Supp.2d 571, 572 (E.D.Tex.2000). However, the court will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. "The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment." E.D.TEX. LOCAL COURT R. 56(c); *Jones v. Fountain*, 121 F.Supp.2d at 572. District courts may adopt such local rules requiring an opposing party to file a statement of opposition so long as judgment is not automatically rendered on behalf of the movant if the

non-movant fails to file such a statement. *John v. Louisiana,* 757 F.2d at 708.

■ As stated above, on March 6, 2001, this court held a case management conference. During the conference, the court expressed concern over whether the claims raised by Andrews were time barred and gave him sixty days to conduct discovery relating to the timeliness of his claims. The Department then waited until after the sixty days had passed to file its motion for summary judgment. Andrews, over six months after receiving notice of the Department's intent to file a motion for summary judgment regarding the issue of timeliness, has failed to file any response to this issue with the court. This court will therefore proceed based on the presumption that the assertions made by the Department in its motion for summary judgment are true as supported by proper summary judgment evidence.

## Analysis

■ The court will begin by examining the timeliness of Andrews' Title VII claim. Title VII states that if the EEOC dismisses a charge brought by an individual against his employer, the EEOC shall "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1)(1994). This language from Title VII has been interpreted to bar a plaintiff from filing a civil suit more than ninety days after the receipt of the EEOC's right-to-sue letter. *Maddox v. Runyon,* 139 F.3d 1017, 1021 (5th Cir. 1998); *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992); *Price v. Digital Equipment Corp.,* 846 F.2d 1026, 1027 (5th Cir.1988) (*per curiam* ); *Prophet v. Armco Steel, Inc.,* 575 F.2d 579, 580 (5th Cir.1978) (*per curiam* ) (barring suit filed ninety-two days after receipt of the right-to-sue letter). Title VII's ninety day filing requirement is treated as a statute of limitations. *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1248 n. 1; *Lee v. Kroger Co.,* 901 F.Supp. 1218, 1223 (S.D.Tex.1995).

In this case, Andrews received his EEOC right-to-sue letter on December 10, 1997, and he therefore had ninety days or until March 10, 1998, to file a claim under Title VII. Andrews did not file a claim under Title VII until November 29, 2000, almost three years after receiving the EEOC's right-to-sue letter. As such, his Title VII claim is time barred.

■ The Department's motion for summary judgment also asked the court to dismiss Andrews' state law claims. Generally, when a district court dismisses all federal claims from a case prior to trial, the court declines to exercise jurisdiction over the pendent state law claims. *McClelland v. Gronwaldt,* 155 F.3d 507, 519 (5th Cir.1998). Furthermore, 28 U.S.C § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c) (1994). While supplemental jurisdiction is discretionary, the Supreme Court has counseled that when a

single federal claim is dismissed early in a case, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

The above discussion dictates that Andrews' Title VII claim must be dismissed, thus leaving only the plaintiff's state law claims. Consequently, the state law claims now predominate over the (now nonexistent) federal claim. Because the state law claims predominate over the nonexistent federal claim and because the general rule is to decline to exercise jurisdiction over supplemental state law claims when the court has disposed of all federal claims, this court decides not to exercise jurisdiction over Andrews' state law claims for discrimination.

It is, therefore,

ORDERED, that Defendant's Motion for Summary Judgment is hereby GRANTED in PART with regard to Plaintiff's Title VII claim and DENIED in PART with regard to Plaintiff's state law claims. It is further,

ORDERED, that the case be remanded to state court to dispose of the remaining state law claims in accordance with state law.