United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40177
Summary Calendar

ESTATE OF HOWARD GARRETT; ET AL.,

Plaintiffs,

MARY LEE GARRETT BEAVERS; NESBY GARRETT; LORNE GARRETT CROWE;
IRIS JEAN GARRETT GODFREY; ORMA JEAN GARRETT SHACKLEFORD; DOROTHY
MARIE GARRETT GOODEN; DORIS LEE GARRETT SMITH

Plaintiffs-Appellants,

versus

CHEROKEE WATER COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(6:02-CV-142)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, the children of Harvest and Arlee Garrett (both deceased), claim that, in 1949, Cherokee Water Company (CWC) unlawfully took property belonging to their parents. Plaintiffs bring their claims under: 42 U.S.C. § 1983 (claimed taking violative of Fifth, through Fourteenth, Amendment); 42 U.S.C. §§

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1982 and 1985; and Texas conspiracy, trespass, conversion and fraud laws.

The district court granted summary judgment for CWC, holding Plaintiffs' claims are time-barred. A summary judgment is reviewed *de novo*, applying the same standard as the district court. ***Urbano v. Continental Airlines***, 138 F.3d 204, 205 (5th Cir. 1998). Such judgment is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the record shows no material fact issues exist and the movant is entitled to judgment as a matter of law. *Id.*

The statute of limitations on Plaintiffs' federal claims is governed by Texas law, but federal law governs the accrual of these claims. ***Burns v. Harris County Bail Bond Bd.***, 139 F.3d 513, 518 (5th Cir. 1998). A federal claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action". *Id*. Plaintiffs' §§ 1982, 1983, and 1985 claims are governed by the general Texas two-year personal injury limitations period. *See* ***Hitt v. Connell***, 301 F.3d 240, 246 (5th Cir. 2001); ***Burge v. Parish of St. Tammany***, 996 F.2d 786, 787 (5th Cir. 1993).

For the claims under Texas law, a claim accrues when "a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later, and even if all resulting damages have not yet occurred". ***S.V. v. R.V.***, 933 S.W.2d 1, 4 (Tex. 1996). The limitations period for Plaintiffs' state law

2

claims, except for fraud and inverse condemnation, is two years, TEX. CIV. PRAC. & REM. CODE § 16.003(a); for fraud claims, four years, TEX. CIV. PRAC. & REM. CODE § 16.004(a); and for inverse condemnation, ten years, *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 631 (Tex. App. - Houston 1997, pet. denied).

Viewing the evidence in the light most favorable to Plaintiffs, and essentially for the reasons stated by the district court, we hold Plaintiffs' claims accrued in 1949, when Harvest Garrett became aware of the taking of the land in issue. Although Plaintiffs contend the limitations periods on the state and federal claims were tolled due to CWC's fraudulent concealment, *e.g., State of Texas v. Allen Constr. Co.*, 851 F.2d 1526 (5th Cir. 1988); *Shah v. Moss*, 67 S.W.3d 836 (Tex. 2001), Garrett's awareness, *inter alia*, in 1949 that CWC acquired the disputed land and constructed the Lake Cherokee spillway and dam establishes that these claims reasonably could have been discovered timely through the exercise of due diligence.

Plaintiffs also challenge the district court's not granting them additional discovery before granting summary judgment. We review only for abuse of discretion the decision to preclude further discovery prior to granting summary judgment. *E.g., Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487 (5th Cir. 1995). The denial of additional discovery was *not* an abuse of discretion because the discovery requested was not likely

to produce the facts needed by Plaintiffs to withstand summary judgment.  *See* **Paul Kadair, Inc.  v. Sony Corp. of America**, 694 F.2d 1017, 1029-30 (5th Cir. 1983).

**AFFIRMED**
