Oscar **SALINAS**, Plaintiff–Appellant

v.

**TEXAS WORKFORCE COMMISSION; Andres Alcantar, in His Individual and Official Capacity; Tom Pauken, in His Individual and Official Capacity; Elaine Turner, in Her Individual and Official Capacity; Pete Laurie, in His Individual and Official Capacity; Rosa Perez, in Her Individual and Official Capacity; Nicole White, in Her Individual and Official Capacity; Shauna Sells, in Her Individual and Official Capacity; Joann Crampton, in Her Individual and Official Capacity; Rose Iglesias, in Her Individual and Official Capacity, Defendants–Appellees.**

No. 13–51125
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 19, 2014.

Oscar Salinas, Mountain View, CA, pro se.

Michael James Patterson, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM: *

Appellant Oscar Salinas appeals the district court's dismissal of his claims against the Texas Workforce Commission (TWC) and several employees of the state government. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 5, 2010, TWC notified Salinas that he received $422 of unemployment benefits to which he was not entitled. TWC also determined that Salinas was ineligible for further unemployment benefits because he had failed to report to the TWC Tele-center as required. Salinas appealed these determinations, and the TWC Appeals Tribunal reversed, initially determining that Salinas did not owe TWC for overpaid benefits. TWC later determined, however, that Salinas owed $193 in overpaid benefits. A TWC hearing officer conducted a hearing confirming that Salinas owed TWC reimbursement for overpaid benefits and Salinas appealed the decision first to the TWC Appeal Tribunal and then to the Commission. Both entities affirmed the decision. TWC informed Salinas that he had the right to further process by either filing a motion for rehearing with the Commission or by filing a petition for judicial review in a court of competent jurisdiction. Salinas paid the $193 and pursued no further appeal.

On July 5, 2011, Salinas filed suit against Appellees, alleging state law claims of conspiracy, intentional infliction of emotional distress, and gross negligence. He also makes a due process claim under the 14th Amendment and 42 U.S.C. § 1983. Appellees filed a motion to dismiss the complaint on multiple grounds, and the district court assigned the motion to a magistrate judge. The magistrate judge recommended dismissing the federal claims with prejudice because they were barred by 11th Amendment and the federal claims against individuals in their official capacities as barred by qualified immunity. The magistrate judge also recommended the state law claims be dismissed without prejudice. The district court rejected Salinas's objections and adopted the Report and Recommendation. Salinas now appeals.

### STANDARD OF REVIEW

This court reviews *de novo* a district court's decision to grant a motion to dismiss under Rule 12(b)(1). *Ballew v. Cont'l Airlines, Inc.,* 668 F.3d 777, 781 (5th Cir. 2012). The party asserting jurisdiction bears the burden of showing that subject matter jurisdiction exists. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). This court reviews "a district court's dismissal under Rule 12(b)(6) *de novo,* accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir.2012) (en banc) (internal quotation marks and citation omitted). To avoid dismissal under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

### DISCUSSION

#### I. 11th Amendment Immunity.

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union No. 2286,* 794 F.2d 974, 980 (5th Cir.1986) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). TWC is an agency of the State of Texas and therefore all claims brought against it are barred by the Eleventh Amendment.

The Eleventh Amendment also "generally precludes actions against state officers in their official capacities." *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412 (5th Cir.2004). However, in *Ex Parte Young* the Supreme Court created an exception for suits seeking prospective relief for violations of federal law against state

officers in their official capacity. 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). While Salinas argues that his claims seek injunctive relief to remedy alleged ongoing violations of federal law, his primary claim is for monetary damages. Nothing in the complaint supports the vague assertion that he seeks prospective relief. Conclusory statements are insufficient to plead a claim, and they do not establish jurisdiction under the *Ex Parte Young* exception. All claims against the state officers in their official capacities were properly dismissed.

## II. Qualified Immunity.

■ Salinas also brought due process claims against individual defendants in their individual capacity under 42 U.S.C. § 1983. Section 1983 claims against public officials in their individual capacities are subject to the defense of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) ("government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). To evaluate a qualified immunity defense the court must inquire: "(1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonably in light of clearly established law at the time of the violation." *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir.2010) (citation omitted).

Salinas has not shown that any defendant violated his constitutional rights or clearly established law. He asserts that he was deprived of due process, but concedes that TWC notified him of the debt, and provided both a hearing and means to appeal. Salinas appealed the initial result, and when his appeal failed he was afforded an additional opportunity to appeal to the Commissioner or to challenge the determination in state court. He admits that he chose not to do so. Salinas's failure to exhaust administrative and state court remedies is fatal to his due process claim. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 519 (5th Cir.1998).

Because Salinas cannot show that a constitutional right was violated, he cannot overcome the defense of qualified immunity. Accordingly, the § 1983 claims against the individual defendants in their individual capacities were properly dismissed.

## III. State Law Claims.

After dismissing the federal claims against all defendants, the district court declined to exercise supplemental jurisdiction over Salinas's state law claims. "When a district court exercises its discretion to dismiss state law claims, it must do so without prejudice so that the plaintiff may refile in the appropriate court." *McCreary v. Richardson*, 738 F.3d 651, 661 (5th Cir.2013) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999)). Here, the district court dismissed the claims without prejudice, and Salinas has not shown any error with respect to the dismissal.

The district court's order dismissing the complaint is AFFIRMED.