# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41462
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2017

Lyle W. Cayce
Clerk

ARIC W. HALL,

Plaintiff - Appellant

v.

TEXAS COMMISSION ON LAW ENFORCEMENT; KIM VICKERS; JASON
HESTER; J. B. PENNINGTON, "Joe"; JAMES OAKLEY; JOEL
RICHARDSON; PATRICIA BURRUSS; PATT SCHECKEL
HOLLINGSWORTH; ROB KYKER; RON E. HOOD; RUBEN VILLESCAS;
JOHNNY E. LOVEJOY, III,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-803

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Aric Hall sued the Texas Commission on Law Enforcement and certain related individuals, alleging violations of 42 U.S.C. § 1983.  The district court dismissed based on sovereign and qualified immunity.  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41462

## FACTUAL AND PROCEDURAL BACKGROUND

The Texas Commission on Law Enforcement ("TCOLE") promulgates rules governing the licensure of peace officers. *See* 37 TEX. ADMIN. CODE § 217.1. The TCOLE enacted a new policy in 2012 under which "peace officers that are unemployed for two years will lose certification or licensure."[1] The new rule, Hall argues, replaced the prior once-licensed-always-licensed policy. Hall contends a TCOLE employee informed him he could still renew his license at any time if he had completed a TCOLE-approved academic alternative police program. Hall failed to identify the employee with whom he spoke, and such a conversation has not been corroborated.

During the period in which he was certified, Hall applied for several law-enforcement positions. All his applications were rejected. Hall allegedly "reported crime[s]" committed by police officials and contends that doing so prevented him from securing employment. He believes the various agencies rejected his applications in retribution for his whistleblowing. As a result of his lengthy unemployment, Hall lost his TCOLE certification.

Hall sued under Section 1983, alleging that the TCOLE "denied him due process by not allowing him to be re-certified." He further claimed that the TCOLE waived sovereign immunity and that the Eleventh Amendment did not bar his claims. In response, the TCOLE filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). It claimed that sovereign immunity operates "as a jurisdictional bar to private suits brought in federal court against states and

---

[1] The TCOLE's website confirms that "the commission will place all licenses in an inactive status when the licensee has not been reported to the commission as appointed for more than two years unless the licensee has met and continues to meet [all] continuing education require[ments]." TEXAS COMMISSION ON LAW ENFORCEMENT FREQUENTLY ASKED QUESTIONS, https://www.tcole.texas.gov/content/frequently-asked-questions (last visited Mar. 20, 2017). The rules upon which the TCOLE and Hall rely, though, were repealed effective February 1, 2014. *See, e.g.*, 37 TEX. ADMIN. CODE §§ 217.13–217.21. Section 217.19, formerly governing this revocation provision, now concerns the Texas Board of Nursing.

2

No. 16-41462

their agencies." The individual defendants moved to dismiss under Rule 12(b)(6), arguing "that they are entitled to qualified immunity." The district court granted the motion to dismiss. Hall timely appealed.

## DISCUSSION

We review *de novo* the district court's grant of a motion to dismiss for lack of subject-matter jurisdiction. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). We also review *de novo* the district court's grant of a motion to dismiss for failure to state a claim. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). We accept "all well-pleaded facts as true and [view] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

A pro se complaint such as was filed here is measured by a more forgiving standard. *Id.* at 461–62. A complaint need not contain "detailed factual allegations," but it must "raise a right to relief above the speculative level" to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On appeal, Hall primarily argues that he has been deprived of his rights to petition and due process. He argues that his right to petition was violated when he was allegedly denied employment after reporting crimes committed by police officers. He argues his right to due process was violated when the TCOLE declined to recertify him without affording him a trial or administrative hearing. In addition to his certification, Hall claims a property

3

right in the fees he paid the TCOLE when initially seeking certification. Hall further argues that the concept of sovereign immunity is unconstitutional and asks this court to "overturn" the line of Supreme Court precedent supporting it. Finally, Hall claims that qualified immunity does not apply to protect the individual defendants. For the sake of clarity, we address the institutional and individual defendants in turn.

## I.   TCOLE

The district court held the suit against the TCOLE is barred by sovereign immunity. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). There are two exceptions to the divesting of federal court of jurisdiction over such actions. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). First, a state may explicitly waive its sovereign immunity. *Daigle v. Gulf State Utils. Co., Local Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Waiver must be unequivocal; courts require a "clear declaration" to be "certain that the State in fact consents to suit." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Second, Congress may abrogate sovereign immunity through a clear expression of the intent to do so if it acts "pursuant to a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996).

The TCOLE is a state agency. *See* TEX. OCC. CODE § 1701.051(a). As such, it is entitled to sovereign immunity to the same extent as the state itself. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146–47 (1993). Neither of the exceptions to sovereign immunity apply here. Hall offers no evidence to show that the TCOLE consented to suit. There is also is not even a suggestion that Congress intended to abrogate sovereign immunity in this situation. Because either of these exceptions must be

explicitly alleged and proven, Hall failed to carry his burden to prove that sovereign immunity does not apply. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Instead, Hall confines his argument to a challenge of the reasonableness and validity of the "stream" of cases from the Supreme Court concerning sovereign immunity. He argues that the Supreme Court has been improperly protective of states' immunity and insufficiently protective of individual constitutional rights. Regardless of such policy points, we follow Supreme Court pronouncements until that Court changes them. *Medellin v. Dretke*, 371 F.3d 270, 280 (5th Cir. 2004). Consequently, the district court correctly determined it had no subject-matter jurisdiction to hear the suit against the TCOLE. *See Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990).

## II.  *Individual Defendants*

The district court held the suit against the individual defendants in their official capacities is also barred by sovereign immunity. It further held that qualified immunity bars the suit to the extent the defendants were named in their individual capacities. We agree.

"[T]he principle of state-sovereign immunity generally precludes actions against state officers in their official capacities," subject to one exception. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). Federal courts have authority to order "state officials to conform their future conduct to the requirements of federal law" under the dictates of *Ex parte Young*, 209 U.S. 123 (1908). *Quern v. Jordan*, 440 U.S. 332, 337 (1979). The exception is prospective, though; the plaintiff may only sue if he "alleges an ongoing violation of federal law . . . ." *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). Even the *Ex parte Young* exception does not "permit a federal-court action to proceed in every case where prospective

declaratory and injunctive relief is sought against an officer[.]" *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997). Instead, we seek to "ensure that the doctrine of sovereign immunity remains meaningful, while also giving recognition to the need to prevent violations of federal law." *Id.* at 269.

Hall argues that the TCOLE's 2012 policy is unconstitutional because it denies recertification without due process, which he interprets to require a jury trial, administrative hearing, or some other adjudicatory proceeding. Hall is incorrect. There is no requirement "that the defendant in every civil case actually have a hearing on the merits." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). A defendant is entitled only to "a meaningful opportunity to be heard . . . ." *Id.* at 377. Hall presented no evidence to suggest the defendants deprived him of that opportunity.

Hall further alleges a violation of his right to petition based on his inability to secure employment after reporting various crimes attributable to police. The First Amendment guarantees the right "to petition the Government for a redress of grievances." U.S. CONST. amend. I. Here, too, there is no evidence to show that Hall's right was abridged. Instead, he recounts numerous occasions on which he exercised his right by reporting crimes but has failed to link that behavior with his inability to secure employment. Hall has thus failed to raise a colorable constitutional claim; the *Ex parte Young* exception does not apply; and sovereign immunity bars this suit against the individual defendants in their official capacities. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

The suit against these defendants in their individual capacities suffers the same defect. "The doctrine of qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur*

No. 16-41462

*Cnty.*, 245 F.3d 447, 456 (5th Cir. 2001).     "The first step in a qualified-immunity analysis is to determine whether the plaintiff has alleged a violation of a clearly established federal constitutional (or federal statutory) right." *Id.* at 457.     A constitutional right is clearly established if its contours are sufficiently clear such "that a reasonable official would understand that what he is doing violates that right." *Id.* A plaintiff seeking to overcome the defense of qualified immunity must plead specific facts to show that the defendant is liable for the harm caused and that qualified immunity does not apply. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

In summary, Hall alleges First and Fourteenth Amendment violations without specifying how his rights were violated.     Both his original and amended complaints contain only vague allegations about individual culpability.     Hall thus failed to overcome the qualified-immunity defense.

AFFIRMED.