# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2018

Lyle W. Cayce
Clerk

No. 17-30833
Summary Calendar

ROWAN COURT SUBDIVISION 2013 LIMITED PARTNERSHIP,

> Plaintiff - Appellant

v.

THE LOUISIANA HOUSING CORPORATION; MAYSON H. FOSTER;
FREDERICK A. TOMBAR, III; HOUSING AND URBAN DEVELOPMENT;
UNITED STATES TREASURY,

> Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-870

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

The plaintiff, Rowan Court Subdivision 2013 Limited Partnership ("Rowan Court"), appeals the district court's judgment dismissing its amended complaint against the Louisiana Housing Corporation ("LHC"); Mayson H. Foster and Frederick A. Tombar, III, two former officers of the LHC; the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30833

States Department of Housing and Urban Development ("HUD"); and the United States Department of the Treasury. For the reasons that follow, we affirm.

## I

Rowan Court alleges that the defendants improperly administered the federal Low Income Housing Tax Credit Program, resulting in Rowan Court not receiving those credits in 2014. It claims that the LHC, Foster, and Tombar (the "state defendants") knowingly reserved tax credit funds for two other recipients based on falsified applications, and that HUD and the Treasury (the "federal defendants") failed to properly oversee or intervene in the awarding of those credits.

After the district court granted Rowan Court leave to file an amended complaint to address deficiencies in its original complaint, the state and federal defendants filed separate motions to dismiss Rowan Court's amended complaint as to the claims against each of them. The district court granted both motions, and Rowan Court timely appealed.

## II

The district court held that Rowan Court's claims against the federal defendants were barred by sovereign immunity because they constituted a programmatic challenge to agency action, which is not covered by the Administrative Procedure Act's waiver of sovereign immunity. In the alternative, it held that Rowan Court failed to state a claim against the federal defendants for which relief could be granted.

We do not assess these conclusions because Rowan Court has waived any arguments to the contrary on this appeal. This Court has made clear that "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal" and that "[a] party who inadequately briefs an issue is considered to

2

have abandoned the claim."[1] Rowan Court's only references to the federal defendants in its initial briefing are a set of conclusory assertions that awarding tax credits to the allegedly fraudulent recipients violated "the Treasury regulations" and "the HUD regulations," an allusion to negligence in awarding the tax credits, nonspecific references to "numerous anti-fraud federal statutes" and "the numerous federal statutes enumerated in [the grant] application," and the unelaborated request for "an extension of the existing law to allow a private citizen to bring suit in Federal Court to challenge the action of a federal agency, when its employees have failed to do the jobs for which they were hired." None of these unsupported statements provide grounds from which we could conclude that Rowan Court fulfilled its burden of showing that the federal government had waived sovereign immunity against its claims,[2] let alone that its complaint should withstand the federal defendants' motion to dismiss.

### III

The district court separately held that Rowan Court's claims against the state defendants were barred by the Eleventh Amendment, which protects states from suit without their consent or congressional abrogation.[3] We review de novo a district court's determination that the Eleventh Amendment prevents a suit.[4]

---

[1] *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (emphasis in original); *see Legate v. Livingston*, 822 F.3d 207, 211–12 (5th Cir. 2016); *In re Deepwater Horizon*, 819 F.3d 190, 194 n.3 (5th Cir. 2016).

[2] *See St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) ("Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity.").

[3] *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011).

[4] *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam).

No. 17-30833

The parties have seemingly agreed that the Eleventh Amendment applies to suits against the LHC and its officers in their official capacities,[5] so the Eleventh Amendment will bar the suit unless Rowan Court can show waiver, abrogation, or an exception to sovereign immunity.[6] Rowan Court does not attempt to show on appeal that Louisiana waived immunity for suits against the LHC or its officers, or that Congress has abrogated that immunity. Its sole argument as to why the Eleventh Amendment does not bar its suit is that the suit falls under *Ex parte Young*'s exception to the Eleventh Amendment.[7]

*Ex parte Young* holds that the Eleventh Amendment permits actions to enjoin state officers, in their official capacities, from violations of federal law.[8] *Ex parte Young* therefore does not apply to Rowan Court's claims against the LHC or to its claim for damages against any of the state defendants. Both of these are flatly barred by the Eleventh Amendment.

As for Rowan Court's non-damages claims against Foster and Tombar, the parties agree that Foster and Tombar are relevant state officials for the purposes of *Ex parte Young*.[9] Rowan Court must therefore show that "the

---

[5] Rowan Court initially appears to have sued the officers in their official *and* individual capacities, but makes no mention of this on appeal, and throughout the suit, the parties seem to have only treated Foster and Tombar as defendants in their official capacities.

[6] *See Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014).

[7] It is not clear whether Rowan Court's argument that the 2014 awards are an "absolute nullity" under Louisiana law is meant to support its contention that its suit is not barred by the Eleventh Amendment, or to stand as an independent ground for relief against the state defendants. Either way, the Eleventh Amendment straightforwardly prevents federal review of state actions under state law unless there is corresponding waiver or abrogation of immunity. *See, e.g.*, *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("[S]ince state law claims do not implicate federal rights or federal supremacy concerns, the *Young* exception does not apply to *state* law claims brought against the state.").

[8] *See Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515–16 (5th Cir. 2017) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[9] The state defendants note that Foster and Tombar are no longer officials of the LHC. They do not argue, however, that this means *Ex parte Young* is inapplicable to Foster and

complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[10]

At a minimum, Rowan Court has not adequately alleged a violation of federal law, as it must to qualify for the *Ex parte Young* exception.[11] As explained *supra*, Rowan Court has not identified what *specific* Treasury or HUD regulations Foster and Tombar violated. Similarly, Rowan Court's briefing before this Court offers no explanation of the alleged violations of due process and equal protection, and it can be taken to have waived those claims on appeal.[12]

Further, Rowan Court has not shown that any violations of federal law would be ongoing—nor has it shown that the relief it seeks is properly characterized as prospective. Continuing damages from a past wrong do not constitute an ongoing violation for the purposes of an *Ex parte Young* analysis.[13] Rowan Court's argument appears to hinge in part on its claim that the damages from the initial grant of tax credits in 2014 are ongoing, and in part on its assumption that a declaration that the 2014 funds were improperly

Tombar—instead, they argue that this means that relief against Foster and Tombar cannot be characterized as prospective.

[10] *Stewart*, 563 U.S. at 255 (internal alterations omitted).

[11] We recognize that ordinarily, an *allegation* of an ongoing violation of federal law will be sufficient to warrant the *Ex parte Young* exception. *See, e.g.*, *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997). A bare assertion of a violation of federal law is not enough, though. *See Hall v. Tex. Comm'n on Law Enf't.*, 685 F. App'x 337, 341 (5th Cir. 2017) (per curiam) (concluding that failure to raise "a colorable constitutional claim" meant that the *Ex parte Young* exception did not apply); *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (per curiam) ("Conclusory statements are insufficient to plead a claim, and they do not establish jurisdiction under the *Ex Parte Young* exception.").

[12] Rowan Court did not appear to offer a significantly fuller explanation of its constitutional arguments before the district court. To the extent that it did, we agree with the district court that it nonetheless failed to sufficiently plead any violation of due process or equal protection.

[13] *Cf. Papasan v. Allain*, 478 U.S. 265, 280 (1986) (holding that *Ex parte Young* would not support a suit against a state for ongoing liability for an alleged past breach of trust, since "continuing payment of the income from the lost corpus is essentially equivalent in economic terms to a one-time restoration of the lost corpus itself").

awarded would trigger a "rollover" provision allowing those credits to be meted out to worthier recipients. Both of these are properly construed as consequences of an alleged *past* violation, rather than the continuing result of improper procedures going forward.[14] Similarly, Rowan Court asks for essentially retrospective relief: a set of declarations that the 2014 grant process was improper coupled with an injunction ordering the reallocation of the 2014 credits to other qualifying projects, and damages in the alternative. We cannot conclude that *Ex parte Young* allows Rowan Court's suit against the state defendants in this case.

## IV

We affirm the district court's grant of all defendants' motions to dismiss Rowan Court's amended complaint.

---

[14] *See id.* at 279 ("In discerning on which side of the [*Ex parte Young*] line a particular case falls, we look to the substance rather than to the form of the relief sought . . . ."); *see also Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (concluding that injunctive relief fell afoul of *Ex parte Young* where it would "to a virtual certainty be paid from state funds" and was "measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials").