# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50677
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

Adriana Alvarez,

*Plaintiff—Appellant*,

*versus*

Texas Workforce Commission,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CV-147

_____

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Appellant Adriana Alvarez appeals the district court's dismissal of her claim against the Texas Workforce Commission ("TWC"). For the following reasons, we AFFIRM.

Alvarez was employed by Broker Logistics, Ltd. ("Broker Logistics"). Her employment was allegedly terminated on account of her refusal to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

comply with Broker Logistics's face covering policy. Alvarez alleges she refused to comply for religious reasons. After her termination, she brought a claim for unemployment benefits before the TWC, the administrative agency that handles unemployment benefits in Texas. The TWC issued its final opinion on March 28, 2023, finding that Alvarez did not qualify for unemployment benefits. On May 9, 2023, Alvarez filed this instant suit seeking review of TWC's administrative decision. The district court dismissed Alvarez's claim without prejudice, finding that her claim against TWC was barred by sovereign immunity under the Eleventh Amendment. Alvarez appeals.

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). We review the district court's jurisdictional determination of sovereign immunity de novo. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015); *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 962 (5th Cir. 2014).

We find that the district court did not err in dismissing Alvarez's claim without prejudice. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). This immunity extends to state agencies. *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274 (5th Cir. 2020) ("[A] state's sovereign immunity in federal court extends to private suits against *state agencies*, state departments, and other arms of the state.") (emphasis added). A panel of our court has held that TWC is a state agency entitled to Eleventh Amendment sovereign immunity. *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (unpublished) ("TWC is an agency of the State of Texas and therefore all claims brought against it are barred by the Eleventh Amendment."). TWC has not evinced any intent to waive its sovereign immunity. Therefore, Alvarez's claim

No. 23-50677

against TWC is barred by sovereign immunity and the district court was correct to dismiss it without prejudice. We AFFIRM.